UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAYA GRACE MOREY, CHRISTOPHER NOONER, LISA HENDRICKSON, EMILY HORTON, KYLIE THORNLEY, VICTORIA FERRANTE, MICHELLE DARDAR, HEATHER BARNES, MANUEL TORRES, and JORDANN WRIGHT, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AFTERMATH SERVICES LLC, a foreign limited liability company; and DOES 1-10,<br><br>Defendants. | No.<br><br>COLLECTIVE ACTION COMPLAINT |

Plaintiffs Maya Grace Morey, Christopher Nooner, Lisa Hendrickson, Emily Horton, Kylie Thornley, Victoria Ferrante, Michelle Dardar, Heather Barnes, Manuel Torres, and Jordann Wright (collectively, "Plaintiffs") each individually, and on behalf all others similarly situated, hereby allege as follows:

## I.      INTRODUCTION AND FACTS

1.      Defendant Aftermath Services LLC ("Defendant") is a private equity owned business that remediates crime scenes and biohazard sites.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

2.      The company primarily performs work for customers in their homes remediating suicide and murder crime scenes and removing biohazards and other contaminates.

3.      Defendant employs non-exempt hourly workers to perform the remediation work and to perform related administrative work.

4.      Defendant employed Plaintiffs during the past three years at various office locations throughout the country.

5.      Each Plaintiff's experience in working for Defendant was virtually identical to that of each other Plaintiff, and to each of Defendant's other non-exempt employees.

6.      Defendant's non-exempt employees perform essentially the same tasks of travelling to a customer's home, communicating with the customer as necessary, and then performing the often-gruesome task of remediating the crime scene or biohazard site.

7.      Each Plaintiff was required to travel extensively to complete the remediation work at customers' homes throughout the country.

8.      The remediation requires physical labor and the use of tools and chemicals to cleanup human tissue, waste, and other biohazard materials.

9.      Once an employee begins a remediation, he or she typically stops only when the job is finished, or for multiple day jobs, to sleep for short periods of time until the job is finished.

10.      On multi-day jobs, employees sleep for short periods of time in hotels before returning to the remediation site and rarely, if ever, take breaks while on site.

11.      As soon as the employees assigned to a remediation site complete the work, they often travel directly to the next remediation site.

12.      Chronic understaffing and the nature of the work often required Plaintiffs to work overtime hours for many successive weeks in order to complete the tasks assigned to them.

13.      Defendant paid Plaintiffs different hourly rates depending upon the type of work Plaintiffs performed.

COLLECTIVE ACTION COMPLAINT - 2

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

14.     However, Defendant failed to pay Plaintiffs for all work performed and/or Defendant paid Plaintiffs at a lower rate than promised and required.

15.     Plaintiffs often worked in excess of 40 hours per week, but Defendant failed to pay Plaintiffs' overtime wages.

16.     Defendant improperly classified Plaintiffs as "exempt" employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and/or treated Plaintiffs as though they were FLSA "exempt" even though Plaintiffs are not exempt under the FLSA.

17.     The result is that Defendant underpaid Plaintiffs for the physically and emotionally difficult work that they were required to perform.

## II.     JURISDICTION

18.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim raises a federal question under 29 U.S.C. § 201, *et seq.*

19.     Defendant's annual sales exceed $500,000.00 and Defendant has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this district, and Defendant is subject to this Court's personal jurisdiction.

## III.     PARTIES

21.     Plaintiff Maya Grace Morey is a resident of Washington State and worked for Defendant in Washington from April 2019 to June 2021.

22.     Plaintiff Christopher Nooner is a resident of Washington State and worked for Defendant in Washington from March 2020 to October 2020.

23.     Plaintiff Lisa Hendrickson is a resident of Washington State and worked for Defendant in Washington from January 2020 to approximately June or July 2020.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

24.     Plaintiff Emily Horton is a resident of Nevada and worked for Defendant in Nevada from August 2019 to June 2021.

25.     Plaintiff Victoria Ferrante is a resident of Utah and worked for Defendant in Utah from January 2021 to April 2021.

26.     Plaintiff Kylie Thornley is a resident of Utah and has worked for Defendant in Utah since December 2020.

27.     Plaintiff Jordann Wright is a resident of Utah and has worked for Defendant in Utah since December 2020.

28.     Plaintiff Michelle Dardar is a resident of Mississippi and has worked for Defendant since 2017 in multiple states, including Washington, Florida, Georgia, Texas, and now Mississippi.

29.     Plaintiff Heather Barnes is a resident of Washington and worked for Defendant in Washington from April 2021 to June 2021.

30.     Plaintiff Manuel Torres is a resident of California and worked for Defendant in California from November 2014 to April 2021.

31.     Defendant Aftermath Services LLC is a Delaware limited liability company, with its principal place of business in Aurora, DuPage County, Illinois.

32.     Defendant conducts business in 48 states, including Washington State, with offices in 69 locations throughout the country.

33.     Defendant engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

34.     Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

35.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within

COLLECTIVE ACTION COMPLAINT - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

the meaning of 29 U.S.C. § 203(g) of the FLSA.

36.     Defendant was, at all times relevant hereto, an employer as defined by the FLSA.

37.     Each Plaintiff was, at all times relevant hereto, an employee as defined by the FLSA.

38.     Each Plaintiff was employed to perform remediation services via various titles, including Technician, Supervisor, Backup Supervisor, Assistant Supervisor, or Senior Field Supervisor, as were an unknown number of other employees of Defendant.

39.     All persons so employed within the United States (the "FLSA Collective") were employees as defined in the FLSA.

## IV.     COLLECTIVE ACTION AVERMENTS

40.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 39 as if fully set forth herein.

41.     Plaintiffs' claim, on behalf of themselves and FLSA Collective, is a collective action as established in 29 U.S.C. § 216(b).

42.     The FLSA Collective Members are those employees of Defendant who were employed in the United States who performed duties similar to those performed by Plaintiffs, and who were subject to Defendant's unlawful practice of failing to pay its employees the wages it owed them.

43.     The exact identity of the FLSA Collective Members may be ascertained through review of Defendant's records.

44.     Defendant failed to pay Plaintiffs and the FLSA Collective compensation in the amount required under 29 U.S.C. § 207(a).

45.     Plaintiffs and the FLSA Collective performed similar duties wherever they were located, under the same directions, and under the same general compensation arrangements.

46.     In regard to every significant issue arising under the FLSA, Plaintiffs and the FLSA Collective are similarly situated with Plaintiffs.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

47.     The FLSA Collective presents common issues of fact with regard to their duties, their compensation, Defendant's expectations and demands with regard to their work, Defendant's policies, and Defendant's failure and refusal to pay the FLSA Collective overtime compensation as required under 29 U.S.C. § 207(a).

48.     Defendant has acted on grounds generally applicable to the FLSA Collective in requesting, requiring, or permitting them to work more than 40 hours per week without paying compensation for said overtime work as required by 29 U.S.C. § 207(a), so that final injunctive relief as to all FLSA Collective Members would be appropriate.

49.     Defendant's violations of the FLSA were knowing and willful.

## V.     CLAIMS AND CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Claim for Relief for the FLSA Collective*

50.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 49 as if fully set forth herein.

51.     Defendant's failure to pay Plaintiffs and the FLSA Collective overtime pay for hours worked beyond 40 hours per week violates 29 U.S.C. § 207(a) and Plaintiffs and the FLSA Collective are entitled to recover the wages they were denied as a result of that violation.

### SECOND CAUSE OF ACTION
*Claim for Relief for the FLSA Collective*

52.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 51 as if fully set forth herein.

53.     Plaintiffs and the FLSA Collective are entitled to recover their attorney's fees, liquidated damages, and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## VI.     PRAYER FOR RELIEF

54.     Having fully set forth their claims above, Plaintiffs, for themselves and on behalf of the FLSA Collective, respectfully request:

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

(1) That the Court certify a collective action on behalf of the FLSA Collective comprised of all persons employed by Defendant in the United States subject to the FLSA performing duties similar to those performed by Plaintiffs, for the period of the statute of limitations;

(2) That the Court enter judgment that Defendant violated the FLSA by failing to pay Plaintiffs and the FLSA Collective overtime wages as required by law;

(3) That the Court award Plaintiffs and the FLSA Collective their withheld wages and liquidated damages in an amount equal to the wages awarded in this case, pursuant to 29 U.S.C. § 216(b);

(4) That the Court award Plaintiffs and the FLSA Collective their costs and reasonable attorney's fees; and

(5) That the Court award such other relief as the Court deems appropriate and just.

DATED June 30, 2021.

EMERY | REDDY, PLLC

By:    */s/ Timothy W. Emery*
By:    */s/ Patrick B. Reddy*
TIMOTHY W. EMERY
WSBA No. 34078
PATRICK B. REDDY
WSBA No. 34092
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Attorneys for Plaintiffs Maya Grace Morey, Christopher Nooner, Lisa Hendrickson, Emily Horton, Kylie Thornley, Victoria Ferrante, Michelle Dardar, Heather Barnes, Manuel Torres, and Jordann Wright